## Case No. 771.

### BAKER v. HERTY.

[1 Cranch, C. C. 249.][1]

Circuit Court, District of Columbia. July Term, 1805.

ASSUMPSIT — QUANTUM MERUIT — AGREEMENT FOR EXTRA WORK.

Although there be an agreement that the value of extra work should be ascertained by persons mutually chosen, yet if such valuation has not been actually made, the plaintiff, in an action upon a quantum meruit, may give other evidence of the value of the work.

[See, contra, Fox v. Hempfield R. Co., Case No. 5,011.]

At law. Indebitatus assumpsit and quantum meruit, [by Samuel Baker against Thomas Herty,] for work and labor done as ex-

[1] [Reported by Hon. William Cranch, Chief Judge.]

tra work; a special contract under seal having been made for building a house of a certain plan and description, which contained the following clause: "And it is mutually agreed upon that in case any misunderstanding shall take place in relation to the bill of particulars or any other misconception or want of appropriate words to convey the true intent and meaning of said parties, or in case any material alteration shall take place therein, so as to incur an extra expense to the contractor than that hereby contemplated, then and in either of said cases, a competent judge in the premises shall be chosen by each party, whose decision or extra valuation shall be conclusive and binding; and nothing herein contained shall be so construed as to enable either of the said parties to throw up or vary from this contract, and take another mode of valuation, either by the common mode of measure and value, or otherwise, instead thereof, but that such addition or reduction as shall or may be made in said work only, and valued as aforesaid, shall be binding on said respective parties."

Mr. Key, for the plaintiff, offered evidence of the value of digging an area, not contained in the original plan.

Mr. Hewitt, for the defendant, objected, and relied upon the above clause, as an agreement for another mode of ascertaining the value.

THE COURT overruled the objection and admitted the testimony.

Mr. Key offered evidence of a third story extra, and of other alterations made in the plan in the two lower stories.

Mr. Hewitt, having offered the agreement in evidence, objected to all the evidence given by the plaintiff, of extra work, alleging that it was provided for by the aforesaid clause in the agreement, and prayed the court to instruct the jury that they ought not to regard such evidence, it not being legal.

THE COURT refused. KILTY, Chief Judge, doubting as to the evidence respecting alterations in the two first stories, the original agreement being for a two-story house.

CRANCH, Circuit Judge. The whole extra work, whether it consist in alterations or additions to the original plan, or bill of particulars, is within the covenant; but as no persons have been chosen to ascertain the value of the extra work under that covenant, the plaintiff is not deprived of his original cause of action on a quantum meruit, and can only resort to the covenant for damages against the defendant for not appointing a person on his part to ascertain the value of the extra work. The defendant, in not paying for such work, has not committed any breach of that covenant.